Mason et al. *v.* Thomas.

---

GEORGE MASON *et al.*, Plaintiffs in Error, *v.* WILLIAM THOMAS, Defendant in Error.

ERROR TO McLEAN.

A court of law may exercise equitable jurisdiction over the execution of its own process, so as to set aside a sale of land, which was never advertised as required by law.

THIS was a proceeding, by motion, in the McLean Circuit Court, to set aside a sheriff's sale of real estate, DAVIS, Judge, presiding.

Mason et al. *v.* Thomas.

The motion was filed at the September term, 1859. Notice of the motion was given to plaintiffs in error.

The proceedings were continued to the December term, 1859, by a general order of continuance; when the motion was heard, and the court ordered that the sheriff's sale of real estate of William Thomas, made on the 12th day of October, 1858, under an execution in favor of George Mason, and against Ezekiel Thomas and William Thomas, be set aside, etc., on Thomas' bringing into the court, by the 13th January, all costs, etc.

The order was made absolute—Thomas paying into court, $32.76 costs, etc.

The defendants in the motion, on the rendering of said judgment, excepted thereto.

The bill of exception shows:

By the affidavit of William Thomas, defendant in error, setting forth, "that as appears of record in the proper office in said county, certain real estate described," etc., [here follows description,] "was, on the 12th day of October, 1858, sold by the sheriff, on execution issued out of McLean Circuit Court, in favor of George Mason against E. Thomas and the affiant. Said land appears to have been sold to William W. Orme, attorney for said Mason, for $454.52. Affiant states that, according to the best of his knowledge and belief, said sale of real estate was not advertised as by law required, therefore he prays," etc.

And by the affidavit of George Parke, setting forth, "that on the 12th day of October, 1858, he was deputy sheriff for McLean county, and as such deputy sold the land described in William Thomas' affidavit, in manner and form as therein set forth. That the land sold was never advertised, but, by mistake, a certain tract of land, two miles distant from the land sold aforesaid, was advertised."

And thereupon defendants in the motion, (the plaintiffs in error,) introduced the said George Parke as a witness, who testified that the applicant, William Thomas, told witness of the irregularity in the sale; that he (Thomas) knew of the irregularity at the time of and before the sale. Witness further testified that the irregularity was a mistake in the description of the land in the newspaper advertisement; that when witness' attention was called to the newspaper advertisement, he looked for the posted notices, but could not find them, and could not say whether they were right or wrong. That the right tract of land was levied on, and the right tract of land was sold, but the advertisement in the newspaper described the tract as in section "24," when in fact the land levied upon and sold was in section "34."

SWETT & ORME, for Plaintiffs in Error.

T. L. DICKEY, for Defendant in Error.

CATON, C. J.   In the case of *Watson et al. v. Reissig*, at the present term, *ante*, p. 278, we have decided that the court of law may exercise an equitable jurisdiction over the execution of its own process, and it is its duty to do so whenever the circumstances require it, and it may be done without injustice to any party.   In that case, the sale was set aside on the application of the judgment creditor, who was the purchaser, and another execution was issued.   In this case, the application is made by the judgment creditors, who are the owners of the land sold, for the reason that the sale was never advertised as required by law.   The question of jurisdiction is the same in both cases, and it requires no further consideration at the present time.

Was such a case made as authorized the court to set aside the sale ?   The proof is clear and uncontradicted that the premises in question were never advertised as by law required, but that another lot in another section was advertised, by mistake; instead of the lot levied upon and sold.   This no more authorized the sale of this lot, than as if no advertisement whatever had been made.   That it was the duty of the court to set aside the sale, we have no doubt.   The attorney of the plaintiff was the purchaser, and was chargeable with notice of the irregularity.

It is not necessary now, to say whether this irregularity would have rendered the sale absolutely void, so that the owners could have taken advantage of it on a contest of the title acquired under the sheriff's sale.

The judgment must be affirmed.

*Judgment affirmed.*